IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Steven Donewan Carr,<br><br>                       Petitioner,<br><br>      vs.<br><br>John J. LaManna, Warden of<br>FCI Edgefield,<br><br>                       Respondent. | Civil Action No. 6:06-1118-TLW-WMC<br><br>**REPORT OF MAGISTRATE JUDGE** |

The petitioner, a state prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2241.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

The petitioner contends that the Bureau of Prisons has refused to credit his federal sentence for time spent in pre-sentence federal custody. He seeks credit toward his federal sentence for October 26, 1998, through January 21, 2000, and March 1, 2001, through February 26, 2002, the time periods that he was on writ to the federal authorities (pet. resp. m.s.j. 2).

**BACKGROUND**

The petitioner is currently incarcerated at the Federal Correctional Institution located in Edgefield, South Carolina ("FCI Edgefield"), serving a 30-year federal term of incarceration imposed by the United States District Court for the Western District of North

Carolina for violation of 21 U.S.C. §846 (conspiracy to possess with intent to distribute and distribution of cocaine), and 21 U.S.C. §841(a)(1) (possession with intent to distribute cocaine base) (two counts). His sentence began on November 10, 2003, the date he was received into federal custody for service of this federal term. His anticipated satisfaction date is January 3, 2030, via Good Conduct Time release.

The record reveals that on August 11, 1998, the petitioner was sentenced by the State of North Carolina to a ten year term of incarceration. He also received a nine to eleven month term to run consecutively to the ten year term. He was incarcerated in a North Carolina Department of Corrections ("NCDOC") facility.

On September 15, 1998, the petitioner was indicted in federal court on the cocaine charges. A federal arrest warrant was issued on September 17, 1998. On October 2, 1998, a writ of habeas corpus *ad prosequendum* ("writ") was issued by the United States District Court for the Western District of North Carolina seeking temporary transfer from the NCDOC to federal custody for disposition of the federal charges. The petitioner was picked up by the United States Marshals Service ("USMS") on October 23, 1998, and transported to the Mecklenburg County Jail, where he was held pursuant to the writ. On December 16, 1999, the petitioner was sentenced on the federal charges to 360 months, to run consecutively to the state sentence. On January 21, 2000, the petitioner was returned to the NCDOC, and a federal detainer was lodged (def. m.s.j., ex. A, decl. of Sandy Lathrop ¶¶ 1-7).

On February 15, 2001, the United States District Court for the Western District of North Carolina issued another writ *ad prosequendum* for the petitioner to appear for re-sentencing. The USMS picked up the petitioner from the NCDOC on March 1, 2001, and housed him at the Mecklenburg County Jail. On September 10, 2001, the petitioner was re-sentenced on the federal charges to a total term of 30 years, to run consecutively to any

state terms. The petitioner was released from the writ and returned to the NCDOC on February 26, 2002. A detainer was lodged for the federal term (Lathrop decl. ¶¶ 8-9).

On November 10, 2003, the petitioner was paroled from his state terms and was released from NCDOC to federal custody. His federal sentence commenced on that date. He was given one day pre-sentence credit for March 7, 1998. According to Sandy Lathrop, the Supervisory Inmate Systems Specialist at FCI Edgefield, the petitioner was given credit for that date because records reflect he was in custody for some portion of that date, and it is unclear whether he received credit for that date toward any other sentence. The petitioner was not given credit toward the federal term for either period spent on the federal writs (Lathrop decl. ¶¶ 10-13).

The petitioner asserts that he is entitled to credit toward his federal sentence for all the days he spent in federal custody after his arrest on a federal indictment. In his response to the motion for summary judgment, the petitioner specifies that the dates for which he seeks credit are from October 26, 1998, through January 21, 2000, and again from March 1, 2001, through February 26, 2002 (pet. resp. m.s.j. 2).

Ms. Lathrop testified in her declaration that contact with the NCDOC reflects that the petitioner received credit for his state term for all time from July 10, 1998, through November 10, 2003 (Lathrop decl. ¶ 13). Judy Sills, the Combined Records Manager for the NCDOC, testified in her declaration that the petitioner received credit toward his state term during the periods that he was on writ to the federal authorities (resp. reply, ex. 1, Judy Sills decl. ¶¶ 3-5).

On June 8, 2006, the respondent filed a motion for summary judgment. By order of this court filed June 9, 2006, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary dismissal procedure and the possible consequences if he failed to respond adequately. The petitioner filed his response to the motion on June 23, 2006, and the respondent filed a reply on July 6, 2006.

3

## APPLICABLE LAW AND ANALYSIS

Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise,

conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds,* 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson,* 477 U.S. at 248. Accordingly, when Rule 56(e) has shifted the burden of proof to the non-movant, he must provide existence of every element essential to his action which he bears the burden of adducing at a trial on the merits.

The statute governing the awarding of prior custody credit toward federal terms of imprisonment is codified at 18 U.S.C. §3585(b), which provides as follows:

> **Credit for prior custody** - A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences– (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

18 U.S.C. §3585(b)(emphasis added). By the plain language of the statute, no time can be credited toward a federal sentence that has been credited to another term. *See United States v. Wilson*, 503 U.S. 329, 337 (1992) (explaining that with the enactment of §3585(b) in place of §3568, "Congress made it clear that a defendant could not receive a double credit for his detention time").

Under 18 U.S.C. §3585(b), prior custody credit is not applied to a federal sentence if that time has been credited toward another sentence. *See United States v. Smith*, 812 F.Supp. 368, 374-75 (E.D. N.Y. 1993) (holding that defendant was not entitled to credit his federal sentence for two years he spent in federal custody under writ of habeas corpus *ad prosequendum*, where defendant remained under primary jurisdiction of New York State, his state sentence continued to run, and he received credit on state sentence

for time served under writ); *see also United States v. Goulden*, No. 94-5389, 1995 WL 298086, at *2 n.3 (4th Cir. May 17, 1995).

In the case at hand, the petitioner was sentenced by the State of North Carolina on August 11, 1998, to a 10-year term followed by a 9- to11-month consecutive term (Lathrop decl. ¶5). He was incarcerated by the NCDOC in a state facility. He was borrowed on a federal writ on two occasions, and each time he was returned to state authorities at the conclusion of the federal proceedings and detainers were filed (Lathrop decl. ¶¶6-9). Upon arrival in federal custody for service of the sentence, contact was made with the NCDOC to determine whether the petitioner received credit toward his state term for the time he was in federal custody pursuant to the writs *ad prosequendum* (Lathrop decl. ¶13). The petitioner was credited with these periods of time toward his state term. It would violate federal statute to credit that time toward the service of the federal sentence as well. 18 U.S.C. §3585(b). *See Smith*, 812 F.Supp. at 374-75. The petitioner has received credit for those days in pre-sentence state custody that were not credited toward another term (Lathrop decl. ¶11). Thus, he is not entitled to further credit.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, it is recommended that the respondent's motion for summary judgment be granted.

s/William M. Catoe
United States Magistrate Judge

October 13, 2006

Greenville, South Carolina