IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Steven Donewan Carr, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>John J. LaManna, Warden of FCI Edgefield, )<br>)<br>Respondents. )<br>_____) | Civil Action No.:6:06-1118 |

# ORDER

Petitioner Steven Donewann Carr filed the instant action for habeas relief pursuant to 28 U.S.C. § 2241 on April 13, 2006. (Doc. #1). On June 8, 2006, Respondent John J. LaManna filed the pending motion for summary judgment. (Doc. #5). The Petitioner responded on June 23, 2006. (Doc. #7). The Respondent filed his reply on July 6, 2006. (Doc. #8).

This matter now comes before this Court for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge William M. Catoe. In the Report, Magistrate Judge Catoe recommends that the Respondent's motion for summary judgment be granted. The Petitioner timely filed objections to the Report. (Doc. #10). In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections...The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny

1

entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).  In light of this standard, the Court has reviewed the Report.  After careful review of the Report and objections thereto, the Court accepts the Report.  Under 18 U.S.C. § 3585(b), "Congress made clear that a defendant could not receive a double credit for his detention time." U.S. v. Wilson, 503 U.S. 329, 337 (1992); see also U.S. v. Smith, 812 F.Supp. 368, 374 (E.D.N.Y. 1993)(holding that defendant was not entitled to credit toward his federal sentence for two years he spent in federal custody under a writ of habeas corpus *ad prosequendum*, where the defendant remained under the primary jurisdiction of New York State, his state sentence continued to run, and he received credit for his time in federal custody toward his state sentence).  Therefore, for the reasons articulated by the Magistrate Judge, it is **ORDERED** that Respondent's Motion for Summary Judgment is **GRANTED**.  (Doc. #5) .

    **IT IS SO ORDERED**.

                                                   S/ Terry L. Wooten

                                                   Terry L. Wooten
                                                   United States District Judge

February 28, 2007
Florence, South Carolina